UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

---

DONNA WHEATON, on behalf of herself and all
others similarly situated

                            Plaintiff,

v.                                                              Case No.    3:22-cv-50

WESTMINSTER-CANTERBURY OF THE BLUE
RIDGE,                                                          COLLECTIVE ACTION
                                                                DEMAND FOR JURY TRIAL
                      Defendant.

---

## COMPLAINT

---

Plaintiff Donna Wheaton, individually and on behalf of all others similarly situated,

respectfully moves for judgment against Defendant Westminster-Canterbury of the Blue Ridge

("WCBR" or "Defendant") as follows:

## I.      SUMMARY OF ACTION

1.      This is an action for unpaid overtime in violation of the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") and the Virginia Overtime Wage Act,

VA Code 40.1-29.2, that was in effect from July 1, 2021 through June 30, 2022 ("VOWA"), and

for unpaid gap time / regular wages under the Virginia Wage Payment Act, VA Code § 40.1-29

("VWPA").

2.      This case involves two basic claims: (A) that Defendant has violated the FLSA,

VOWA, and VWPA through a policy or practice of requiring, suffering or permitting hourly-pay

head nurses and other employees similarly situated to Plaintiff to work off the clock without pay, and (B) that Defendant has violated the FLSA and VOWA through a policy or practice of omitting non-discretionary bonuses and similar forms of incentive compensation from its calculation of overtime rates paid to non-exempt employees. Plaintiff is similarly situated to both groups of employees and subject to both policies and/or practices.

3.      Plaintiff contends that Defendant has violated and continues to violate the FLSA, VOWA, and VWPA by having a policy or practice of requiring, suffering, or permitting hourly-pay head nurses and similar hourly employees to work off the clock outside of their regular shifts, without pay. This resulted and results in Plaintiff and similarly situated employees receiving less overtime wages when they work in excess of 40 hours per week, and less regular wages, than they are entitled to receive under the FLSA, VOWA, and VWPA.

4.      Plaintiff contends that Defendant has violated and continues to violate the FLSA and VOWA by having a policy or practice of failing to include non-discretionary bonuses and similar forms of incentive compensation in calculating overtime rates paid to Plaintiff and similarly situated employees for on-the-clock work in excess of 40 hours per week. This resulted and results in Plaintiff and similarly situated employees receiving less overtime wages than they are entitled to receive under the FLSA and VOWA.

5.      Defendant's policies and/or practices comprising the alleged violations are ongoing.

6.      The FLSA Collective is made up of all persons who have been employed by Defendant (A) as a head nurse, or in a comparable position, and were paid on an hourly basis, and/or (B) in any non-exempt position, and were paid bonuses, within three years prior to this

action's filing, or longer if equitable tolling is granted, to the trial of this action (the "FLSA Collective Period").

7.    Plaintiff, on behalf of herself and all similarly situated employees, seeks unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's FLSA violations.

8.    The VOWA/VWPA Collective is made up of all persons who have been employed by Defendant in Virginia (A) as a head nurse, or in a comparable position, and were paid on an hourly basis, and/or (B) in any non-exempt position, and were paid bonuses, at any time from July 1, 2020 to the trial of this action (the "VOWA/VWPA Collective Period"). The VOWA claims are limited to the time period July 1, 2021 through June 30, 2022, corresponding to the dates that law was in effect.

9.    Plaintiff, on behalf of herself and others similarly situated, seeks unpaid overtime wages, unpaid regular wages, liquidated damages, triple damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's VOWA and VWPA violations.

10.    Plaintiff reserves the right to propose amended class definitions and/or sub-classes in his motions for collective action and/or class action certification, or to add class claims under Rule 23 of the Federal Rule of Civil Procedure, to the extent discovery warrants such amendments or subclasses.

## II.    JURISDICTION AND VENUE

11.    This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

3

12.     The Court has supplemental jurisdiction over the state law VOWA and VWPA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy.

13.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) since the acts and omissions giving rise to this lawsuit have taken place in this division in the Western District of Virginia.

14.     Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## III.    PARTIES

15.     Plaintiff Wheaton is a resident of Virginia who was employed by Defendant as a head nurse.  At all times relevant, Plaintiff was an "employee" as defined in the FLSA, VOWA, and VWPA.

16.     Defendant WCBR is a Virginia corporation with its principal office at 250 Pantops Mountain Rd, Charlottesville, VA, 22911. At all times relevant, Defendant is and was an "employer" as defined by the FLSA, VOWA, and VWPA.

17.     Plaintiff is informed, believes, and thereon alleges that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, buying and/or selling goods and transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states. Defendant's employees, including Plaintiff and similarly situated employees, were engaged in commerce and/or the production of goods for commerce.

## IV.    FACTUAL ALLEGATIONS

4

18.    Defendant operates skilled nursing facilities.

19.    From approximately 5/2/1996 through 7/21/2022, Plaintiff Wheaton worked for Defendant WCBR in Charlottesville as a nurse. During the time period relevant to this action Plaintiff was a head nurse.

20.    The job duties of the head nurse position entailed providing patient care and performing related clerical tasks.

21.    At all times relevant, Defendant typically has had about 25-30 hourly-pay nurses (including full and part time) at the Pantops Mountain Road location, approximately at least 3 to 4 of whom were head nurses or comparable employees subject to the off-the-clock work requirements at issue in the off-the-clock claims. These hourly-pay head nurses and similarly situated employees had the same basic job duties and were subject to the same pay and timekeeping policies.

22.    At all times relevant, Defendant typically has had about 50-100 non-exempt staff who were paid non-discretionary, prearranged bonuses and similar forms of incentive compensation. The FLSA and VOWA required these bonuses and similar forms of incentive compensation to be included in calculating overtime rates, but Defendant has not complied with that requirement. These employees have the claims at issue in the overtime rate claims.

23.    As a head nurse, Plaintiff was paid an hourly wage of approximately $44.29 per hour. Other similarly situated employees were also paid on an hourly basis.

24.    Plaintiff and similarly situated non-exempt employees also received nondiscretionary, prearranged bonuses.

25.    Plaintiff was regularly scheduled to work, and did work, at least 40 hours per

week: typically, 8 or more hours per day, Monday through Friday. Other similarly situated

employees were scheduled the same or similarly.

26.    Plaintiff and similarly situated employees regularly worked in excess of 40 hours

per workweek in multiple workweeks, and were subject to the policies and practices described

herein that deprived them of overtime wages and regular wages.

27.    At all times relevant, Defendant had a policy and practice of regularly requiring

Plaintiff and similarly situated employees to perform work tasks off the clock outside of their

regular shifts, such as scheduling and related tasks; performing clerical computer tasks;

processing call-outs; responding to work phone calls and text messages; and solving problems

and assisting with patient care, staffing and other work-related issues; providing advice and

assistance in resolving patient issues; and performing related work tasks outside of their regular

shifts, without pay.

28.    Defendant also had a policy and practice of, during "on-call" weeks, engaging

Plaintiff and similarly situated employees to wait for work assignments or patient emergencies

requiring their immediate response and/or physical presence at Defendant's facility, outside of

their regular shifts, during which time their freedom was restricted to such an extent that they

could not meaningfully take personal time or engage in personal pursuits, and were unable to use

the time effectively for their own purposes, without pay. This time was primarily for Defendant's

benefit or included time that was primarily for Defendant's benefit. Plaintiff asserts this time in

whole or in part is compensable working time.

29.    These policies and practices resulted in Plaintiff and similarly situated employees

typically working more than 40 hours per week, with much of the time in excess of 40 hours

being uncompensated off-the-clock time.

30.     These policies and practices resulted and result in Plaintiff and similarly situated employees receiving less overtime wages in weeks when they worked in excess of 40 hours than they are entitled to receive under the FLSA and VOWA, and less regular wages for hours less than 40 in a week than they are entitled to receive under VWPA. Defendant's policies and/or practices comprising the alleged violations are ongoing.

31.     Plaintiff complained to her supervisors repeatedly about the unpaid off-the-clock work practices. Although her supervisors acknowledged the practices were problematic, the practices were not changed.

32.     At all times relevant, Defendant had a policy and practice of omitting non-discretionary bonuses and similar forms of incentive compensation in calculating the overtime rates paid to Plaintiff and similarly situated employees for their on-the-clock overtime work, in violation of the FLSA and VOWA. As a result of this practice, Plaintiff and similarly situated employees received lower overtime pay rates, and therefore fewer overtime wages than they were entitled to receive.

33.     Defendant knew or should have known that Plaintiff and similarly situated employees were working off the clock because their supervisors (like the Administrator, Director of Nursing, Assistant Director of Nursing, Assisted Living Administrator, and others) called and/or texted them, and knew that staff (like nurses on the floor) called and/or texted them, outside of regular hours and required them to perform work tasks off the clock; the supervisors knew that other employees called and texted Plaintiff and similarly situated employees for assistance with work issues outside of their regular shifts; Defendant's data entry time stamps,

7

staffing software time stamps, other computer program time stamps, and phone records confirm off-the-clock work; the supervisors made the schedule; and the fact that Plaintiff and similarly situated employees were required to work off the clock without pay was a topic that Plaintiff and other employees complained about to their supervisors; among other evidence.

34.    Defendant's internal records further confirm the policy and practice of requiring, suffering, or permitting off-the-clock work without pay. Comparing Defendant's data entry, software use records, other computer program use records, phone records, and schedules, with the times that Plaintiff and similarly situated employees were allowed to clock in and out, and the hours for which they were paid, will show that they routinely worked off the clock without pay.

35.    The required unpaid work was a primary reason Plaintiff resigned from her employment with Defendant after 26 years.

36.    The intent and effect of the policy and practice of requiring, suffering, or permitting off-the-clock work was that Defendant could avoid paying overtime wages and/or regular wages to Plaintiff and other employees for work outside of their regular shifts.

37.    Defendant did not allow Plaintiff and other similarly situated employees to clock in for these hours so that Defendant could avoid paying them overtime compensation and/or regular wages.

38.    As a result of Defendant's policies and practices, throughout the past three years and before that, Plaintiff was regularly and routinely required, suffered, or permitted to work off the clock without pay:

      a.    during all or most workweeks, when not "on-call," approximately 3 hours

per week, performing scheduling and related tasks; performing clerical computer tasks;

processing call-outs; responding to work phone calls and text messages; solving problems

and assisting with patient care, staffing and other work-related issues; providing advice and

assistance in resolving patient issues; and performing related work tasks outside of her

regular shifts;

       b.    during "on-call" weeks (typically, once week out of every three or four),

approximately 13-15 hours per week (typically, about 1 hour per weekday, and 8-10 hours

on weekends) performing scheduling and related tasks; performing clerical computer tasks;

processing call-outs; responding to work phone calls and text messages; and solving

problems and assisting with patient care, staffing and other work-related issues; providing

advice and assistance in resolving patient issues; and performing related work tasks outside

of her regular shifts;

       c.    during "on-call" weeks (typically, one week out of every three or four),

typically 4:30 pm to 7:00 am on weekdays Monday through Friday morning, and 4:30 pm

on Friday to 7:00 am on Monday (all outside of regular shift hours) engaged to wait for

work assignments or patient emergencies requiring Plaintiff's immediate response and/or

physical presence at Defendant's facility, during which time Plaintiff's freedom was

restricted to such an extent that she could not meaningfully take personal time or engage in

personal pursuits, and was unable to use the time effectively for her own purposes, such

that the "engaged to wait" time was compensable time.  This time was primarily for

Defendant's benefit or included time that was primarily for Defendant's benefit. This is

inclusive of the time identified in b. above.

39.     Similarly situated employees subject to these policies worked similar uncompensated off-the-clock hours.

40.     So that Defendant could avoid paying them overtime and regular wages, Defendant did not allow Plaintiff and similarly situated other employees to clock in for these hours or be compensated for these hours.

41.     Defendant willfully violated the FLSA and VOWA by preventing Plaintiff and similarly situated employees from reporting hours worked to knowingly avoid paying overtime.

42.     Defendant knew or should have known that Plaintiff and similarly situated employees were working overtime and regular hours without being paid.

43.     Defendant suffered and/or permitted Plaintiff and the other employees to work more than forty hours per week without overtime compensation for the off-the-clock work.

44.     With respect to the overtime rate claims, Plaintiff and similarly situated employees were non-exempt employees who received non-discretionary, predetermined bonuses and similar forms of incentive compensation. Plaintiff estimates Defendant has had approximately 50-100 such employees within the relevant time period. The bonuses were paid pursuant to written bonus agreements and/or offers, typically communicated to Plaintiff and similarly situated employees via text message or email or policy in advance. For example, Defendant frequently offered and agreed to pay in writing lump sum shift or supplementary shift bonuses of $200 to $650 to incentivize employees to agree to pick up additional shifts, and lump sum attendance bonuses for accumulating "points" relating to good attendance. The amounts were promised in advance in writing. The bonus payments were also offered with enough regularity that employees came to expect the offer of such payments and the promised amounts.

10

45.     When calculating overtime compensation for on-the-clock work, Defendant had

and continues to have a policy and practice of omitting non-discretionary bonuses and other

forms of incentive compensation from the calculation of the overtime rates paid to Plaintiff and

similarly situated employees, in violation of the FLSA and VOWA. *See, e.g.* Department of

Labor Wage and Hour Division Fact Sheet #54 – The Health Care Industry and Calculating

Overtime Pay (2009) (shift bonuses and attendance bonuses must be included in calculating

overtime rates).

46.     For example, during the pay period 8/22/21 to 9/4/21, Plaintiff received a $400

bonus and worked at least 7.06 on-the-clock overtime hours. Defendant paid Plaintiff an

overtime rate based only her base hourly rate(s), without including the bonus in calculating the

overtime rate.

47.     Other nonexempt employees similarly situated to Plaintiff also received

nondiscretionary bonuses and were subject to Defendant's policy and practice of omitting such

bonuses and incentive compensation from the calculation of overtime rates.

48.     Defendant knew or should have known that Plaintiff and similarly situated

employees were not being paid overtime rates that included their non-discretionary bonuses

because this practice is shown on Defendant's pay records, among other evidence.

49.     Plaintiff and similarly situated employees were not employed in any bona fide

executive, administrative, or professional capacity.

50.     Based on the nature of Plaintiff's and similarly situated employees job duties and

their hourly pay basis, there is no FLSA or VOWA exemption that applies to preclude them from

being paid one and one-half times their regular rate of pay for all hours worked in excess of 40

11

per week.

51.    Defendant willfully violated the FLSA, VOWA, and VWPA by requiring, suffering, or permitting off-the-clock work, but not paying Plaintiff and similarly situated employees for their off-the-clock work, and by omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates paid for on-the-clock work.

52.    Defendant knowingly failed to pay overtime and regular wages required by the VOWA, VWPA, and FLSA.

53.    Defendant suffered and/or permitted and/or required Plaintiff and similarly situated employees to work more than 40 hours per week without overtime compensation of 1.5 times their regular rates.

54.    Defendant knew or should have known that its policy and/or practice of not paying Plaintiff and similarly situated employees the required overtime compensation and required overtime rates for time worked in excess of 40 hours per week violated the overtime provisions and regular wage provisions, of the FLSA, VOWA, and VWPA, and other applicable laws.

55.    At all relevant times Defendant intended to deprive Plaintiff and similarly situated employees of the overtime and regular pay they were entitled to under the FLSA, VOWA, and VWPA, or acted with reckless disregard for Plaintiff's rights under the VOWA, VWPA, and FLSA.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

56.    Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiff on behalf of herself and all other similarly situated employees.

The similarly situated employees are as follows:

      a.   **FLSA Collective**: All past and present employees of Defendant who have been employed by Defendant (A) as a head nurse, or in a position with substantially similar job duties to Plaintiff, and were paid on an hourly basis, and/or (B) in any non-exempt position, and were paid bonuses, within three years prior to this action's filing, or longer if equitable tolling is granted, to the trial of this action (the "FLSA Collective Period").

57.    Defendant employs, and has employed, multiple persons who fit the above definition who due to Defendant's policies and practices described herein were deprived of the full required overtime pay for all time they worked in excess of 40 hours each week.

58.    These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

59.    Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying overtime wages by requiring, suffering, or permitting, but not paying for off-the-clock work. Defendant's software records, data entry records, phone records, schedules, time records and pay records, among other evidence, show this policy and practice with respect to employees who fit the above definition.

60.    Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying full overtime wages for on-the-clock overtime worked, by omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates. Defendant's time records and pay records, among other evidence, show this policy and practice with respect to employees who fit the above definition.

61.    Defendant compensated, and continues to compensate, those similarly situated to

Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

62.    Defendant's pay operations are centrally managed as a single enterprise, and Defendant's employees meeting the above definition are subject to common payroll practices.

63.    Defendant's policy of prohibiting employees from clocking in for work that they were doing for Defendant's benefit amounted to a willful or reckless disregard of its employees' rights under the FLSA.

64.    Defendant's policy of not paying the required overtime compensation amounted to a willful or reckless disregard of the employees' rights under the FLSA.

65.    Defendant had no good faith basis to believe that not paying overtime compensation for compensable work over 40 hours in a week, and omitting bonuses from calculating overtime rates, was somehow allowable under the FLSA.

66.    Plaintiff asserts that Defendant's willful disregard of the overtime wage laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

67.    Plaintiff's hourly pay and job duties, and the hourly pay and job duties of those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

68.    At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

69.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendant who have been denied

overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised

notice of this lawsuit and the opportunity to join. Those similarly situated employees are known

to Defendant and are readily identifiable through Defendant's records.

70.    Plaintiff hereby files her Written Consent to Become Party to Collective Action

Under 29 U.S.C. § 216 and VA Code §§ 40.1-29(J) and 40.1-29.2. Plaintiff's Written Consent

Form is attached as Exhibit 1.

## VI.    VOWA COLLECTIVE ACTION ALLEGATIONS

71.    Plaintiff files this statutorily authorized collective action pursuant to VA Code §§

40.1-29(J) and 40.1-29.2 as Representative Plaintiff on behalf of herself and all other similarly

situated employees. The similarly situated employees are as follows:

a.    **VOWA/VWPA Collective:**    All past and present employees of Defendant

who have been employed by Defendant in Virginia (A) as a head nurse, or in a position

with substantially similar job duties to Plaintiff, and were paid on an hourly basis, and/or

(B) in any non-exempt position, and were paid bonuses, at any time from July 1, 2020 to

the trial of this action (the "VOWA/VWPA Collective Period"). The VOWA claims are

limited to the time period July 1, 2021 through June 30, 2022, corresponding to the dates

that law was in effect.

72.    Defendant employs, and has employed, multiple persons who fit the above

definition who due to Defendant's policies and practices described herein were deprived of the

full required overtime pay for all time they worked in excess of 40 hours each week, and

deprived them of regular wages for time worked up to 40 hours each week.

73.    These employees perform, and have performed, work which entitles them to

15

payment of overtime compensation and/or regular compensation which they have not received.

74.     Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying overtime and/or regular wages by requiring, suffering, or permitting, but not paying for off-the-clock work. Defendant's software records, data entry records, phone records, schedules, time records and pay records, among other evidence, show this policy and practice with respect to employees who fit the above definition.

75.     Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying full overtime wages for on-the-clock overtime worked, by omitting bonuses and similar forms of incentive compensation from the calculation of overtime rates. Defendant's time records and pay records, among other evidence, show this policy and practice with respect to employees who fit the above definition.

76.     Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

77.     Defendant's pay operations are centrally managed as a single enterprise, and Defendant's employees meeting the above definition are subject to common payroll practices.

78.     Defendant's policy of prohibiting employees from clocking in for work that they were doing for Defendant's benefit amounted to a willful or reckless disregard of its employees' rights under the VOWA and VWPA.

79.     Defendant's policy of not paying the required overtime compensation amounted to a willful or reckless disregard of the employees' rights under the VOWA.

80.    Defendant had no good faith basis to believe that not paying overtime compensation for compensable work over 40 hours in a week, not paying regular compensation for all hours worked up to 40 in a week, and omitting bonuses from calculating overtime rates, was somehow allowable under the VOWA and VWPA.

81.    Plaintiff's hourly pay and job duties, and the hourly pay and job duties of those similarly situated to Plaintiff, are not exempt from the coverage of the VOWA or VWPA.

82.    At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the VOWA and VWPA

83.    Plaintiff asserts that Defendant's pay policies and practices and conduct described herein constitute Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-29.2 [the VOWA]" within the meaning of VA Code § 40.1-29(J) and (K).

84.    Defendant is liable under the VOWA and VWPA for failing to properly compensate Plaintiff and the VOWA/VWPA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the VOWA, and denied regular pay for off-the-clock non-overtime compensable time in violation of the VWPA, who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

85.    Plaintiff hereby files her Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216 and VA Code §§ 40.1-29(J) and 40.1-29.2. Plaintiff's Written Consent Form is attached as Exhibit 1.

17

## VI.    CLAIMS

### COUNT 1: VIOLATIONS OF FAIR LABOR STANDARDS ACT
### (Overtime Violations – Off the Clock Claim)
### (On Behalf of Plaintiff and FLSA Collective (A))

86.    Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

87.    At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employees has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

88.    The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiff and all similarly situated employees are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

89.    By failing to compensate Plaintiff and similarly situated employees with overtime compensation for all overtime hours worked, Defendant has violated, and continues to violate the FLSA.

90.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

91.    Plaintiff seeks damages for herself and all others similarly situated in the amount of Plaintiff's and each similarly situated employee's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and

equitable relief as the Court deems just and proper.

### COUNT 2: VIOLATIONS OF FAIR LABOR STANDARDS ACT
#### (Overtime Violations – Overtime Rate Claim)
#### (On Behalf of Plaintiff and FLSA Collective (B))

92.     Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

93.     The FLSA requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e). *See* 29 C.F.R. § 778.107 *et seq*.; 29 C.F.R. § 778.208, *et seq*.; Department of Labor Wage and Hour Division Fact Sheet #54 – The Health Care Industry and Calculating Overtime Pay (2009) (shift bonuses and attendance bonuses must be included in calculating overtime rates).

94.     By failing to include non-discretionary bonuses and similar forms of incentive compensation in calculating overtime rates paid for on-the-clock work, Defendant has violated, and continues to violate the FLSA. Through this practice, Defendant paid and continues to pay these employees lower overtime rates, and therefore less overtime wages than it is required to pay under the FLSA.

95.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiff seeks damages for herself and all others similarly situated in the amount of Plaintiff's and each similarly situated employee's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and

prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT 3: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT (JULY 1, 2021 TO JUNE 30, 2022)
### (Overtime Violations – Off the Clock Claim)
### (On Behalf of Plaintiff and VOWA/VWPA Collective (A))

97.     Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

98.     Plaintiff currently is not certain whether there are a sufficient number of potential Plaintiffs who worked for Defendant in Virginia to satisfy the numerosity requirement for a class or subclass under Fed. R. Civ. P. 23(a)(1). A collective action for the VOWA/VWPA claims is appropriate pursuant to VA Code §§ 40.1-29.2 and 40.1-29(J). Should discovery reveal a sufficient number of similarly-situated Virginia workers to satisfy the Rule 23 numerosity requirement, Plaintiff reserves the right to amend to assert the VOWA/VWPA claims as Rule 23 class action claims.

99.     This claim is brought under the VOWA and corresponding VWPA provisions that were in effect from June 1, 2021 through June 30, 2022. Citations are to the law as it existed during this time period.

100.     The VWPA provides for collective actions for violations of the VWPA or the VOWA: "[I]f an employer fails to pay wages to an employee in accordance with this section or § 40.1-29.2 [VOWA], the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b)[.]" VA Code § 40.1-29 (J).

101.     Plaintiff brings this VOWA count as a statutorily-authorized collective action pursuant to VA Code § 40.1-29(J), on behalf of herself and the VOWA/VWPA Collective (A).

102.     For time period of July 1, 2021 through present, Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employee, has been, or continues to be, an "employee" within the meaning of the Virginia Overtime Wage Act, VA Code § 40.1-29.2(A).

103.     The VOWA requires, "For any hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207." VA Code § 40.1-29.2(B). As such, Plaintiff and all similarly situated employees are entitled to overtime compensation at one and one-half times their regular rates of pay for work performed in excess of forty hours per week.

104.     By failing to compensate Plaintiff and similarly situated employees with overtime compensation for all overtime hours worked, Defendant has violated, and continues to violate the VOWA.

105.     The VOWA provides, "Any employer that violates the overtime wage requirements of this section shall be liable to the employee for all remedies, damages, or other relief available in an action brought under subsection J of § 40.1-29 [The Virginia Wage Payment Act, VA Code § 40.1-29, ("VWPA")]." VA Code § 40.1-29.2(F).

106.     Defendant's pay policies and practices and conduct described herein constitute Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-29.2 [the VOWA]" within the meaning of VA Code § 40.1-29(J) and (K).

107.     Plaintiff seeks damages in the amount of unpaid overtime wages, an equal amount

as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and

prosecuting this claim, as well as "an amount equal to triple the amount of wages due and

reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J), all

other relief available under the VOWA and VWPA, and all other such legal and equitable relief

as the Court deems just and proper.

**COUNT 4: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT (JULY 1, 2021 TO
JUNE 30, 2022)
(Overtime Violations – Overtime Rate Claim)
(On Behalf of Plaintiff and VOWA/VWPA Collective (B))**

108.     Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully

set forth herein.

109.     Plaintiff currently is not certain whether there are a sufficient number of potential

Plaintiffs who worked for Defendant in Virginia to satisfy the numerosity requirement for a class

or subclass under Fed. R. Civ. P. 23(a)(1). A collective action for the VOWA/VWPA claims is

appropriate pursuant to VA Code §§ 40.1-29.2 and 40.1-29(J). Should discovery reveal a

sufficient number of similarly-situated Virginia workers to satisfy the Rule 23 numerosity

requirement, Plaintiff reserves the right to amend to assert the VOWA/VWPA claims as Rule 23

class action claims.

110.     This claim is brought under the VOWA and corresponding VWPA provisions that

were in effect from June 1, 2021 through June 30, 2022. Citations are to the law as it existed

during this time period.

111.     Plaintiff brings this VOWA count as a statutorily-authorized collective action

pursuant to VA Code § 40.1-29(J), on behalf of herself and the VOWA/VWPA Collective (B).

112.    The VOWA requires, "For any hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207." VA Code § 40.1-29.2(B).

113.    The VOWA, like Section 207 of the FLSA, requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e); VA Code § 40.1-29.2(B). *See* 29 C.F.R. § 778.107 *et seq*.; 29 C.F.R. § 778.208, *et seq*.; Department of Labor Wage and Hour Division Fact Sheet #54 – The Health Care Industry and Calculating Overtime Pay (2009) (shift bonuses and attendance bonuses must be included in calculating overtime rates).

114.    By failing to include non-discretionary bonuses and all other eligible remuneration in calculating the regular rates and overtime rates paid to Plaintiff and similarly situated employees, Defendant has violated, and continues to violate the VOWA. Through this practice, Defendant paid and continues to pay these employees lower overtime rates, and therefore less overtime wages than it is required to pay under the VOWA.

115.    By failing to compensate Plaintiffs and similarly situated employees with the full overtime wages for their overtime hours worked, Defendant has violated, and continues to violate the VOWA.

116.    The VOWA provides, "Any employer that violates the overtime wage requirements of this section shall be liable to the employee for all remedies, damages, or other relief available in an action brought under subsection J of § 40.1-29 [The Virginia Wage

Payment Act, VA Code § 40.1-29, ("VWPA")]." VA Code § 40.1-29.2(F).

117.    Defendant's pay policies and practices and conduct described herein constitute Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-29.2 [the VOWA]" within the meaning of VA Code § 40.1-29(J) and (K).

118.    Plaintiff seeks damages in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J), all other relief available under the VOWA and VWPA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT 5: VIOLATIONS OF VIRGINIA WAGE PAYMENT ACT (JULY 1, 2020 TO TRIAL) / UNPAID CONTRACTUAL WAGES
### (Gap Time / Regular Wage Violations – Off the Clock Claim)
### (On Behalf of Plaintiff and VOWA/VWPA Collective (A))

119.    Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

120.    Plaintiff currently is not certain whether there are a sufficient number of potential Plaintiffs who worked for Defendant in Virginia to satisfy the numerosity requirement for a class or subclass under Fed. R. Civ. P. 23(a)(1). A collective action for the VOWA/VWPA claims is appropriate pursuant to VA Code §§ 40.1-29.2 and 40.1-29(J). Should discovery reveal a sufficient number of similarly-situated Virginia workers to satisfy the Rule 23 numerosity requirement, Plaintiff reserves the right to amend to assert the VOWA/VWPA claims as Rule 23 class action claims.

121.    The is a claim for unpaid regular hourly wages due to off-the-clock work

described herein, in the gap between non-overtime and overtime hours – that is, hours worked that were uncompensated but were not overtime hours or otherwise do not bring Plaintiff's and similarly situated employees' total hours for the workweek above 40 hours. For example, if 36 hours were compensated and 4 hours were not, this claim seeks recovery of the regular hourly wages for the 4 uncompensated hours.

122.    The VWPA provides for collective actions for violations of the VWPA: "[I]f an employer fails to pay wages to an employee in accordance with this section…the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b)[.]" VA Code § 40.1-29 (J).

123.    At all times relevant to this action, Plaintiff and similarly situated employees were employed by Defendant within the meaning of the VWPA, VA Code § 40.1-29.

124.    Plaintiffs brings this VWPA count as a statutorily-authorized collective action pursuant to VA Code § 40.1-29(J), on behalf of herself and the VOWA/VWPA Collective (A).

125.    Plaintiff and similarly situated employees had a right to be paid their agreed hourly rates for all time worked for Defendant. These wages were earned and due on each of the applicable pay periods.

126.    Defendant did not pay Plaintiff and similar situated employees their agreed hourly rates (or any compensation) for the off-the-clock work described herein.

127.    The VWPA provides, inter alia, that an employer must pay wages due on regular pay periods and "Upon termination of employment an employee shall be paid all wages or salaries due him for work performed prior thereto; such payment shall be made on or before the

date on which he would have been paid for such work had his employment not been terminated."
Va. Code § 40.1-29(A).

128.   The VWPA further provides, inter alia, that "No employer shall withhold any part
of the wages or salaries of any employee except for payroll, wage or withholding taxes or in
accordance with law, without the written and signed authorization of the employee." Va. Code §
40.1-29(C).

129.   Defendant failed to pay Plaintiff and similarly situated employees their regular
hourly rates for work performed off the clock as described herein. In so failing, Defendant
committed an unlawful deduction from wages, in violation of the VWPA, Va. Code § 40.1-
29(C).

130.   By failing to pay Plaintiff and similarly situated employees all wages due for
work performed in accordance with regular pay periods, Defendant violated Va. Code § 40.1-
29(A).

131.   By failing to pay Plaintiff and similarly situated employees all regular wages due,
Defendant committed an unlawful failure to pay wages and deduction from wages in violation of
the Virginia Wage Payment Act, Va. Code § 40.1-29(A) and (C).

132.   Defendant's conduct as described herein constitutes Defendant "knowingly failed
to pay wages to an employee in accordance with [the VWPA or VOWA]" within the meaning of
VA Code § 40.1-29(J) and (K).

133.   Plaintiff seeks damages in the amount of unpaid and withheld wages, an equal
amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and
prosecuting this claim, as well as "an amount equal to triple the amount of wages due and

reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J), all

other relief available under the VWPA, and all other such legal and equitable relief as the Court

deems just and proper.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests the following Relief against Defendant:

A.      An order conditionally certifying a group or groups of putative collective action

members and approving a notice to be sent to all such members, including the FLSA Collective

and VOWA/VWPA Collective, notifying them of this representational lawsuit and their ability to

file a written consent to join in this action without threat or fear of reprisal;

B.      Judgment that Plaintiff and all similarly situated employees were non-exempt

employees entitled to protection under the FLSA, VOWA, and VWPA;

C.      Judgment against Defendant for violations of the overtime provisions of the

FLSA and VOWA and judgment that Defendant's policies and practices at issue violate the

FLSA and VOWA;

D.      Judgment against Defendant for violations of the regular wage payment

requirements of the VWPA and judgment that Defendant's policies and practices at issue violate

the VWPA;

E.      Judgment that Defendant's violations as described above were willful;

A.      Judgment that Defendant's violations as described herein constitute Defendant

"knowingly failed to pay wages to an employee in accordance with [the VWPA or VOWA]"

within the meaning of VA Code § 40.1-29(J) and (K);

F.      Money damages for all unpaid overtime and regular wages;

27

G.      Liquidated damages in an amount equal to all unpaid overtime and regular wages owed to Plaintiff and similarly situated employees;

H.      On the VOWA and VWPA claims, an amount equal to "triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J);

I.      Pre-judgment and post-judgment interest;

J.      Reasonable attorneys' fees and costs expended in the prosecution of this case and the investigation that preceded it;

K.      Leave to amend to bring additional claims and/or parties, including but not limited to claims for retaliation or other wage claims, FRCP 23 claims, or other claims arising from the employment of Plaintiff or similarly situated employees;

L.      Equitable tolling of the applicable damages lookback and/or limitations periods; and

M.      Any and all further relief permissible by law.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all claims and issues so triable.


Respectfully submitted,

DONNA WHEATON,
individually and on behalf of all others similarly situated,
By Counsel

Dated:          September 5, 2022

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133  f: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff

29